UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

      Plaintiff,

-vs-                   DECISION & ORDER

                        07-CR-6174L

JESSIE McINTYRE,

      Defendant.

_____

Defendant Jessie McIntyre ("McIntyre") was indicted in the Western District of New York on October 23, 2007 and charged with narcotics conspiracy and with possession with intent to distribute five kilograms or more of cocaine on October 3, 2007. The Indictment was sealed when filed, and remained sealed until McIntyre's arrest eight years later on December 24, 2015.

This Court referred all pretrial matters and motions to United States Magistrate Judge Marian W. Payson pursuant to 28 U.S.C. § 636(b). Several motions were filed, but all were resolved except defendant's pending motion to dismiss the Indictment on speedy trial grounds.

Magistrate Judge Payson conducted a hearing, considered documentary evidence, and received submissions from the parties. Magistrate Judge Payson issued a thorough Report and Recommendation (Dkt. #51) discussing the relevant facts and the applicable law, and recommended that this Court deny the motion to dismiss. Defendant filed Objections (Dkt. #54) to the Report and Recommendation.

I accept and adopt the Report and Recommendation of Magistrate Judge Payson. The Report is thorough and accurately sets forth relevant facts and the controlling law. I see no reason to modify, alter or reject the Report and Recommendation of the Magistrate Judge. Therefore,

defendant's motion to dismiss the Indictment for a violation of the Constitutional right to a speedy trial is in all respects denied.

## DISCUSSION

Magistrate Judge Payson issued a thorough 19 page Report and Recommendation discussing the facts that were developed at the hearing which included examination of relevant exhibits. The Magistrate Judge also discussed the law applicable in a situation such as this. I believe the Magistrate Judge accurately summarized the facts and the law.

From the record developed, it appears clear that McIntyre did his level best for eight years to avoid detection by law enforcement. He fled the scene on October 3, 2007 when law enforcement attempted to arrest McIntyre and others for drug possession, for which McIntyre was later indicted. Warrants were soon issued for supervised release violations and after October 3, 2007, McIntyre completely failed to comply with the several conditions imposed on him as conditions of supervised release for prior convictions.

Up until October 3, 2007, McIntyre had been complying at least with the reporting requirements of supervised release on his prior conviction. Thereafter, and for the next eight years, he had no contact whatsoever and was a fugitive. McIntyre now seeks some benefit from the delay caused by his own flight. The law clearly is to the contrary.

Magistrate Judge Payson discussed at some length whether issues relating to the delay arise out of the Sixth Amendment right to a speedy trial or under the Due Process Clause. The analysis though as to the legal requirements is similar. In considering a motion to dismiss, the Court must determine the length of the delay, the reasons for that delay and any prejudice that inures to the defendant from the delay. As found by the Magistrate Judge, the delay here certainly is substantial,

but the other two factors: the reason for the delay and any prejudice to the defendant control here, and compel the conclusion that dismissal is not warranted.

I agree with Magistrate Judge Payson's analysis and finding that credible evidence existed from which it may be inferred that McIntyre was aware of potential charges against him and was attempting to evade prosecution. The Indictment stemmed from the incident on October 3, 2007. It was on that date that McIntyre fled the police and from that day forward McIntyre never again reported to Probation as he had previously done. It is reasonable to infer that McIntyre anticipated new charges and sought to evade them. He successfully did so for eight years. The fact that McIntyre failed to comply with supervised release conditions, supports a finding that he was attempting to avoid detection by law enforcement authorities. The abrupt failure to comply with reporting requirements of supervised release supports a finding of intentional flight. There was other evidence that McIntyre had used false names during his fugitive status and on the date he was arrested on December 24, 2015.

It also strains credulity to suggest that McIntyre was not aware that law enforcement was looking for him, based on the testimony that the United States Marshals Service repeatedly contacted family members and associates of McIntyre in Rochester, New York and in several other states. Magistrate Judge Payson accurately set forth the law that a fugitive that resists government efforts to locate him, may not use the resulting delay to obtain dismissal of the Indictment.

The fact that the Indictment was sealed does not change the result. Although McIntyre may not have known the exact nature of the charges against him, his flight on October 3, 2007, his complete abandonment of his responsibilities on supervised release and disappearance from the area warrant the conclusion that he knew of potential charges and did his best to avoid detection.

I find, as did the Magistrate Judge, that defendant was principally responsible for the delay that resulted in this case.

The Magistrate Judge also determined that the Government employed reasonably diligent and good faith efforts to locate McIntyre. Defendant suggests that only one officer, a deputy employed by the United States Marshals Service in Rochester, was tasked with apprehending him. That is, however, not an accurate description of what occurred. Although the Rochester Marshals office was principally tasked with locating McIntyre but, as pointed out by Magistrate Judge Payson, the United States Attorney's Office, the DEA, state law enforcement officers and Marshals offices in other states also participated from time to time in locating McIntyre.

The Rochester Marshals office may have spearheaded activities, but as pointed out by Magistrate Judge Payson in her Report and Recommendation, contacts were made in numerous other states based on requests made by the Rochester office of the United States Marshals Service. U.S. Marshal deputies looked for McIntyre at various times in Alabama (on several occasions), Florida and Georgia, as well as numerous surveillance activities and contacts in the Rochester area. Information about McIntyre and warrants were registered in the National Crime Information Center ("NCIC") database. That database is available to every law enforcement officer throughout the country. Magistrate Judge Payson lists in the Report and Recommendation the numerous activities and efforts made by the Rochester Marshals office to obtain information about McIntyre in order to locate him. She found that those activities were reasonably diligent and made in good faith to locate the defendant. There is no evidence whatsoever that the Government purposely engaged in delay to disadvantage McIntyre. Rather, the evidence is that it was McIntyre who intentionally took steps to avoid contact with law enforcement.

McIntyre blames the Government, but he has failed to explain why it was that he suddenly abandoned his obligations on supervised release and was not heard from for eight years until his arrest in December, 2015. I find, as did the Magistrate Judge, that McIntyre knew he was wanted for some criminal activity -- activity which occurred on October 3, 2007. The lengthy delay was caused by his acts.

Another factor the Court must consider is prejudice caused by the delay. To the extent there is prejudice, since defendant is responsible for the delay, any prejudice is of his own doing. Certainly the delay could affect the Government as well in terms of the possibility that memories have faded about the events in question. But, in any event, as Magistrate Judge Payson notes in her Report and Recommendation, McIntyre has made only conclusory statements about the possibility his defense might be impaired by the delay. A lack of specificity and the speculative nature of the prejudice claim warrants no relief here.

## CONCLUSION

I accept and adopt the Report and Recommendation (Dkt. #51) in all respects.

Defendant's motion to dismiss the Indictment on speedy trial grounds under the Constitution is in all respects denied.

The Government should promptly take steps to file a motion to set a trial date.

IT IS SO ORDERED.

Dated:  June 27, 2017
        Rochester, New York

_____
DAVID G. LARIMER
United States District Judge