UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                      Plaintiff,

       v.

JESSIE MCINTYRE,

                      Defendant.
_____

<u>DECISION AND ORDER</u>

07-CR-6174L

Defendant Jessie McIntyre ("McIntyre") has now filed a second motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (Dkt. #99). McIntyre's first motion for compassionate release was denied by this Court in July 2020 (Dkt. #91, #95). The Court also denied McIntyre's motion for reconsideration on February 16, 2021 (Dkt. #97, #98).

The first motion was properly denied by this Court and this second motion fares no better. McIntyre has failed to carry his burden of demonstrating extraordinary and compelling reasons to modify the sentence previously imposed by this Court, 151 months.

McIntyre pleaded guilty to a narcotics offense pursuant to a Plea Agreement. McIntyre conceded that the was a career offender with the resulting Sentencing Guideline of 151-188 months imprisonment. The parties presented the plea to the Court pursuant to FED. R. CRIM. PROC. 11(c)(1)(C) with an agreed-upon sentence of 151 months. The Court accepted that proposal and sentenced McIntyre accordingly.

As to this second motion, the Government filed its Response opposing the motion (Dkt. #101). On August 12, 2022, McIntyre filed a Reply to the Government's Response (Dkt. #102).

In the Government's Response, it notes the procedural history of the case which includes references to McIntyre's prior motion for compassionate release and his motion to vacate the judgment and sentence pursuant to 28 U.S.C. § 2255. That motion for relief was denied by this Court in January 2020 (Dkt. #90) and, thereafter, McIntyre filed his first motion for compassionate release.

The Government in its Response suggests that there are several reasons to deny McIntyre's motion. The Court agrees. McIntyre cites some familial hardships, without much specificity and also raises certain legal arguments which he claims warrant relief. First of all the references to family circumstances are vague and not supported and they do not rise to the level of extraordinary and compelling reasons for relief. The Guidelines set out some considerations for such an application at Sentencing Guideline § 1B1.13, Application Note 1, and none of those circumstances exist in McIntyre's case.

McIntyre suggests that he may not in fact be a career offender but, of course, he admitted that he was at the time of the plea and there is nothing presented here to suggest otherwise. The cases cited by McIntyre are inapposite. Furthermore, the motion for compassionate release is not the place to raise legal arguments that could have been raised on appeal or on a Section 2255 collateral attack. The same can be said for McIntyre's belated suggestion now that he was somehow entrapped into engaging in the narcotics activity that resulted in his conviction. Such matters are not appropriate when considering a motion for compassionate release.

This Court previously denied McIntyre's first motion for compassionate release relying on the sentencing factors under Section 3553(a). I found then, in denying the first motion for compassionate release, that the Section 3553(a) factors support denial of the motion. Nothing has changed in that regard. For the same reasons that I referenced in the first decision denying

compassionate release, I rely on those reasons in this, McIntyre's second motion for compassionate release, and deny the motion based on those sentencing factors.

## CONCLUSION

Defendant Jessie McIntyre's motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) or to impose a sentence of home confinement (Dkt. #99) is in all respects DENIED.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       August 15, 2022.